FILED
2019 Feb-19  AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| ALPHONSIA SOMMERVILLE, III, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO:** |
| ) | **7:19-cv-00079** |
| **v.** ) | **JURY DEMAND** |
| ) | |
| WARRIOR MET COAL MINING, LLC, ) | |
| ) | |
| **Defendant.** ) | |

# AMENDED COMPLAINT

## I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202 and  the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 §2000e *et seq.* and 42 U.S.C. §1981 providing for injunctive and other relief against retaliation in employment.

2.    The plaintiff filed his retaliation discrimination suit within 180 days of the discriminatory treatment and ninety (90) days from the receipt of his right-to-sue letter from the EEOC.

1

3.     The plaintiff is also filing his retaliation claims within four years of any and all discriminatory/retaliatory treatment.

## II.     PARTIES

4.     Plaintiff, Alphonsia Sommerville, III, is an African-American citizen of the United States and a resident of the State of Alabama. The plaintiff was employed by the defendant at its Tuscaloosa, Alabama location at all times relevant to this lawsuit.

5.     Defendant, Warrior Met Coal Mining, LLC, is a Corporation doing business in Alabama, and is an entity subject to suit under 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981. The defendant employs at least fifteen (15) persons.

## III.     CAUSES OF ACTION

6.     The plaintiff re-alleges and incorporates by reference paragraphs 1-5 with the same force and effect as if fully set out in specific detail hereinbelow.

7.     The plaintiff has been retaliated against by the defendant in discipline, suspension and termination.

8.     The plaintiff began his employment with Jim Walter Resources on March 17, 2008.

9.     In 2010/2011, the defendant's name changed to Walter Energy and then to Warrior Met Coal Mining, LLC in September 2016.

10.    Plaintiff's employer was Warrior Met Coal Mining, LLC.

11.    During my employment with defendant, I held the following positions: Inside Labor, Motorman and Heavy Equipment Operator (underground and surface).

12.    At the time of the plaintiff's retaliatory termination, he held the position of a Surface Heavy Equipment Operator during his employment. In this position, the plaintiff was qualified to perform all duties and responsibilities.

13.    While the plaintiff was a Surface Heavy Equipment Operator, he was the only African-American working outside on the night shift.

14.    The plaintiff performed all his job duties and responsibilities as a Heavy Equipment Operator in a satisfactory manner.

15.    Plaintiff made an internal human resources complaint to Sally Brown at the end of 2014/beginning of 2015 regarding his hostile working environment. Specifically, the plaintiff was complaining about his Caucasian co-workers, specifically Chris Vance, Caucasian, wearing clothing with the Confederate flag on them and also having the Confederate flag on their work equipment, i.e., lunch and tool boxes, etc. This complaint alleged race discrimination and hostile work environment claims.

16.    After this complaint, the plaintiff was retaliated against by the defendant, in discipline, after one of the co-workers, Robert Whitley, in which the plaintiff made

3

a complaint made a false complaint against the plaintiff.

17.    From December 2015-September 2016, the mine was in layoff.

18.    As soon as the employees started back after the layoff, in the fall/winter of 2016, Chris Vance started wearing the Confederate flag on his clothing even after he was told to stop. After further complaints by the plaintiff, in November 2016, to Sherri Sterling and meetings with the company and union, Mr. Vance finally stopped wearing the racially hostile Confederate flag on his clothing, but had a bigger sticker of the Confederate flag on his lunch box.

19.    However, Kyle Kennedy, Caucasian, started wearing clothing with the Confederate flag around February 2017.  The plaintiff again complained to the defendant in February and March 2017 regarding the racially hostile work environment.

20.    Also, Mr. Vance started displaying the Confederate flag again on his lunch box in the fall (October) of 2017.  Furthermore, numerous Caucasian employees (Matt McCarrol, Jason Jones and "Diesel") starting wearing clothing with the Confederate flag displayed.

21.    Caucasian employees also, on a regular basis, had Confederate flag tags displayed on their vehicles in the company parking lot.

22.    The displaying of the Confederate flag by Caucasian employees

4

continued into 2018.

23.    After the plaintiff made his complaints of race discrimination and hostile work environment, the plaintiff began to experience retaliation in the form of verbal reprimand, written reprimand, suspension and ultimately termination.  The plaintiff was further scrutinized in all aspects of his work after making complaints of race discrimination and hostile work environment.

24.    Specifically, in April/May 2018, the plaintiff was disciplined for violation of work rules and subject to termination.  However, after an arbitration hearing, the termination was reduced to a 60 day suspension without pay.

25.    Once the plaintiff returned from the 60 day suspension, on June 27, 2018, he received a verbal warning with time off from Brandon Pope, Caucasian supervisor.

26.    On August 15, 2018, the plaintiff was again written up and issued a disciplinary action regarding violation of work rules.  However, the plaintiff denied said violations, contested same and an arbitration hearing was set with the same arbitrator from the plaintiff's previous hearing.  After the hearing, the plaintiff's termination was upheld and the plaintiff was terminated.

27.    The plaintiff was terminated in retaliation for making complaints about race discrimination and hostile work environment to management and HR, which is

5

a protected activity, in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981.

28.     The defendant's proffered reasons for plaintiff's discipline, suspension and subsequent termination were pretext for retaliation.

29.     The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is his only means of securing adequate relief.  The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV.   **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

2.      Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. §2000e

6

*et seq.* and 42 U.S.C. §1981.

3.      Enter an order requiring the defendant to make the plaintiff whole by awarding him the position he would have had occupied in the absence of retaliation, back-pay (plus interest), front-pay, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4.      The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

PLAINTIFF REQUESTS A JURY TRIAL ON
ALL CLAIMS TRIABLE TO A JURY

Respectfully submitted,


/s/ Gregory O. Wiggins
Gregory O. Wiggins
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS CHILDS PANTAZIS
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)

7

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed today, February 19, 2019, the above and foregoing, by utilizing the Court's CM-ECF system, with copies being served on:

David M. Smith
W. Brock Phillips
Maynard Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203

/s/ Gregory O. Wiggins
OF COUNSEL

8